UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GERMAINE PAGE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    2:21-cv-00354-LEW |
| AUBURN POLICE DEPARTMENT, et al., | ) ) ) ) |
|     Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed in forma pauperis, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No. 3.)   In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because each plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff, who is currently confined at the Androscoggin County Jail, asserts that because a law enforcement officer failed to investigate an incident properly, he was charged with the crime.  According to Plaintiff, he would not have been charged if the police officer had exercised due diligence and investigated certain details, such as the injuries he received in the incident, which allegedly demonstrate his innocence.  Plaintiff also claims the officer used racial profiling in the investigation.

**LEGAL STANDARD**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

A review of Plaintiff's complaint fails to reveal sufficient facts to support an actionable claim. Plaintiff's claims regarding the police investigation and his criminal prosecution fail because he does not explain how the officer's conduct was deficient, and even if it was deficient, how the deficiencies violated his constitutional rights. The

3

allegations essentially consist of a claim of innocence or a defense against the charges that Petitioner must present in the state criminal proceedings. As to Plaintiff's racial discrimination allegations, Plaintiff did not describe any of the officer's conduct or assert how the conduct reflects racial discrimination. The allegations consist entirely of "conclusory allegations that merely parrot the relevant legal standard," which are not actionable. *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013); *see also*, *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal"). Accordingly, dismissal of Plaintiff's complaint is warranted.[1]

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

---

[1] Even if Plaintiff amended the complaint to allege facts that might support a claim, additional barriers to relief may still exist. To the extent Petitioner seeks an order requiring law enforcement, prosecutors, and courts to conduct additional investigations to reveal his innocence, Plaintiff's claim likely represents an intrusion into the functioning of the state courts that is likely barred by the Anti-Injunction Act, 28 U.S.C. § 2283, and the federalism concerns expressed in *Younger v. Harris*, 401 U.S. 37 (1971). *See also*, *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that the doctrine of *Younger* abstention "preclude[s] federal intrusion into ongoing state criminal prosecutions"). To the extent Petitioner seeks monetary damages, rather than an injunction, *Younger* might require the Court to stay the federal case until the completion of the state court proceedings. *See Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 16 n.1 (1st Cir. 1992). Furthermore, if Plaintiff were convicted of the alleged charges, a claim for damages in federal court that would imply the invalidity of the state court conviction would likely be barred unless Plaintiff could first obtain a reversal or expungement of that conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of February, 2022.