UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GERMAIN PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00354-LEW |
| | ) | |
| AUBURN POLICE DEPARTMENT | ) | |
| and DETECTIVE NICK GAGNON, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

After screening Plaintiff Germaine Page's Complaint, the United States Magistrate Judge recommended that the Court dismiss the Complaint for failure to state a claim. Recommended Decision After Review of Plaintiff's Complaint (ECF No. 10).

In his Complaint, Plaintiff alleged that his recent arrest and incarceration are the product of racial bias and Detective Nick Gagnon's failure to practice due diligence during his investigation. Complaint ¶ IV (ECF No. 1). In his Objection to the Recommended Decision, Plaintiff elaborates that he believes his Miranda rights were violated by the Auburn Police Department on the night of his arrest and that he was manipulated into providing incriminating statements. Objection ¶ 1 (ECF No. 13). He also states that police officers failed to conduct certain tests that should be conducted when investigating a crime involving the discharge of a firearm and that police officers contaminated the scene. *Id.* ¶¶ 2, 4.

The Magistrate Judge anticipated that Plaintiff might provide supplemental allegations meant to undermine the legal basis for Plaintiff's arrest and detention. In a footnote, the Magistrate Judge observed that the Younger abstention doctrine might require that this Court abstain from hearing a civil action designed to challenge a parallel state court criminal proceeding. The

Magistrate Judge was correct. Where, as here, a state court criminal proceeding is ongoing, Supreme Court precedent requires abstention from the exercise of jurisdiction by a federal court. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Sprint Communications*, *Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44. Because Plaintiff has an adequate ability to litigate the issues that inform his Complaint by raising them in the state court criminal case, and because the State of Maine has an important interest in evaluating those issues and having one of its own courts be the first to do so, I dismiss these aspects of Plaintiff's Complaint without prejudice based on the mandatory abstention rule of *Younger v. Harris*.

Plaintiff also states in his Objection that his bail was unreasonable in the state court. Objection ¶ 6. However, there are no facts in the Complaint or the Objection that would support a civil action against the named Defendants, the Auburn Police Department and Detective Nick Gagnon, as neither Defendant set Plaintiff's bail. Moreover, the bail-related allegation likely would succumb to the Younger abstention rule even if an appropriate defendant were named. "Indeed, '[c]ourts have consistently applied the Younger doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances.'" *Fox v. Cumberland County Jail*, No. 2:21-cv-00197-NT, 2021 WL 4340977, at *2 (D. Me. Aug. 17, 2021) (Mag. J. Rec. Dec.,

adopted without objection) (quoting *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012)).

Plaintiff also alleges in his Objection that he received facial injuries when he discharged the firearm and evidently feels that his injuries were not given appropriate attention. Objection ¶ 5. Although a federal claim involving deliberate indifference toward a serious medical need could be stated under appropriate circumstances without implicating the Younger abstention rule, Plaintiff's allegations do not provide an adequate basis to conclude that Detective Gagnon or any other individual plausibly would be liable to Plaintiff on a constitutional theory. *See Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011) (holding that to survive a motion to dismiss "[t]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Accordingly, Plaintiff's injury allegation is not enough to sustain this action.

Finally, Plaintiff complains that a decision was made by one or more unnamed officers in the Auburn Police Department which resulted in significant financial harm to Plaintiff. Specifically, he states that someone at the Department provided his keys to the alleged victim of the underlying domestic incident and that she entered his premises and absconded with $20,000 worth of Plaintiff's personal property. Objection ¶ 3. Like the concern for medical care, this final concern would evade the Younger abstention rule. However, as to this potential claim Plaintiff fails to provide factual allegations that would state a plausible constitutional claim, as opposed to a state law claim that would need to be asserted in state court. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 332 (1986) ("Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.").

In conclusion, I have made a de novo determination of all matters adjudicated in the Recommended Decision, and I concur with the recommendation of the United States Magistrate Judge for the reasons set forth in the Recommended Decision. In addition, for the reasons set forth herein, I find that certain new statements provided by Plaintiff in his Objection would not permit him to proceed at this time with a federal civil rights action due to the Younger abstention rule. Finally, I find that Plaintiff's other new statements do not state plausible federal claims against Defendants.

The Recommended Decision of the Magistrate Judge is hereby **ADOPTED**, as supplemented by this Order.  Plaintiff's complaint is hereby **DISMISSED**.

**SO ORDERED.**

Dated this 26th day of April, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE